(No. 3778—)

WILLIAM F. DAHLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1946.*

PENCE B. ORR, Joliet, Illinois, attorney for claimant.

GEORGE F. BARRETT, Attorney General, for respondent; WM. L. MORGAN, Assistant Attorney General, of counsel.

DAMRON, J.

This is a claim for benefits under the Workmen's Compensation Act. The record consists of the following:

1. Complaint.
2. Departmental Report.
3. Rule to show cause.
4. Motion of claimant for discharge of rule supported by affidavit.
5. Second rule to show cause.
6. Motion of claimant for discharge of rule supported by affidavit.
7. Claimant's brief and argument.
8. Copy of transcript of evidence.
9. Bill of D. V. Sheffner, Court Reporter.
10. Brief and argument of respondent.

The evidence in the case was taken on the 8th day of May 1946 at Joliet, Illinois. It shows that on the 9th day of October 1942, this claimant, while employed by respondent as Assistant Foreman in the Master Mechanics Department at the State Penitentiary at Joliet, Illinois, was struck on the head with a gun wielded by a prisoner, one of a group of inmates who was attempting to escape from the institution. The evidence further discloses that as a result of said blow, the claimant was incapacitated for a period of five days after which he returned to his normal employment. Claimant was given immediate medical attention at the prison hospital; the wound on his head was treated and he was taken to his home. Testimony shows that the wound itself gave the claimant very little trouble but left a scar on his head.

Claimant further testified that thereafter his eyes commenced getting weaker and he suffered considerable pain from frequent headaches. Claimant testified that at

the time of the attack he was 61 years of age and had been wearing glasses for ten years and the glasses he was wearing at the time of the taking of the testimony had been made for him by Dr. Howard N. Flexer, Eye, Ear, Nose, and Throat Specialist of Joliet, a member of the prison medical staff.

Dr. William Fletcher, physician and surgeon of Joliet, was called on behalf of claimant. This physician testified that he had been employed at the Joliet Penitentiary for about 18 years as a physician and that he had known the claimant for about 25 years and had been the family physician; that so far as he knew, claimant's health prior to the time he was injured, was good. This statement was based on the fact that claimant had never consulted him as a physician. He testified that in his opinion, based on his general experience and from knowing claimant personally both before and after he received this injury, that claimant's headaches and eye condition might, or could have been, caused by the blow on the head which claimant received on the 9th day of October 1942.

Over the objection of counsel for the respondent, a letter was introduced in evidence, from Dr. Howard N. Flexer, dated April 19, 1946, which is in words and figures as follows:

"I, Howard N. Flexer, M. D., do hereby state that I have been engaged in the specialty of Eye, Ear, Nose and Throat in Joliet, Ill., for the past twenty-six years.

I am also the Eye, Ear, Nose and Throat Specialist at the Illinois State Penitentiaries at Joliet, Ill.

I hereby certify that I examined the eyes of Mr. William F. Dahler, guard, employed at Stateville Penitentiary, on February 29, 1944. At that time he was fitted for spectacles by me. His vision in each eye singly was 20/50 uncorrected, and 20/30 corrected, which means that he has a visual loss of 16.5% uncorrected, and 5.5% corrected in each eye.

I again examined him on April 18, 1946, at which time his vision was 20/100 in each eye singly, a loss of 44% in vision. With the above

mentioned spectacles, his vision is now but 20/50 or a visual loss of 16.5%.

His vision is now 27.5% worse than it was in 1944. With the history of a blow on the head, as this man gives, there might be some close relationship to his visual loss, from said blow."

This letter was not admissible and the objection of the Attorney General must be sustained. We have carefully considered the evidence remaining in this record. Under the law, all of the evidence offered by claimant on his own behalf, in reference to his ill-being must be considered as subjective and the testimony of Dr. William Fletcher, called on behalf of claimant, does not tend to support the evidence of loss of vision to claimant's eyes.

In claims for compensation under the Workmen's Compensation Act, the burden of proof is on claimant to prove his claim by a preponderance or greater weight of the evidence. *Alexander* vs. *State,* 13 C. C. R. 5; *Bradecich* vs. *State,* 13 C. C. R. 56; *Pearman* vs. *State,* 13 C. C. R. 84, and awards can only be made for injuries and only such injuries, as are proven by competent evidence, of which there are, or have been objective conditions or symptoms proven not within the physical or mental control of the injured employee himself, and unless there are or have been objective conditions or symptoms proven, no award for compensation can be made. *Nichols* vs. *State,* 10 C. C. R. 80; *Wasson* vs. *State,* 10 C. C. R. 497; *Peck* vs. *State,* 10 C. C. R. 56; *Sprague* vs. *State,* 14 C. C. R. 116.

His claim for partial loss of vision to his eyes due to the accident has not been proven. The proof in reference to this claim does not comply with the rule as enunciated in the above cited cases. An award is therefore denied.

D. V. Sheffner has filed a claim for taking and tran-

scribing the depositions in this case. The charges amounting to $20.00 are found by us to be fair, reasonable and customary. Therefore, an award is hereby entered in favor of claimant William F. Dahler for the use of D. V. Sheffner in the sum of Twenty ($20.00) Dollars.